An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXANDER CASANELLAS LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63462

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Alexander Casanellas Lopez raises three errors on appeal.

First, Lopez contends that he was denied his Sixth Amendment right to counsel because counsel did not visit him while he was in federal custody before trial. Other than citing to the Sixth Amendment of the United States Constitution, Lopez does not cite any other authority to support this proposition. Furthermore, the brief statements of Lopez and his counsel which are cited by Lopez in his opening brief do not necessarily demonstrate that there was no contact or communication between Lopez and his counsel while he was in federal custody. The record demonstrates that Lopez was represented by counsel throughout his trial and at a number of pretrial proceedings and we cannot say, based on the record and argument before this court, that Lopez was denied his Sixth Amendment right to counsel.

*14-23769*

Second, Lopez contends that he was denied the effective assistance of counsel in violation of the Sixth Amendment. As Lopez acknowledges, ineffective-assistance-of-counsel claims generally may not be raised on direct appeal, *see Feazell v. State,* 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995), and we decline to consider them here because the district court has not held an evidentiary hearing and an evidentiary hearing is necessary to substantiate Lopez's factual allegations, *see Archanian v. State,* 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006).

Third, Lopez contends that the State committed prosecutorial misconduct during closing arguments, vouched for the credibility of the victim, and shifted the burden of proof. Lopez failed to object during closing, and we review for plain error. NRS 178.602; *Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). Lopez has the burden of establishing that these errors occurred, *see Valdez v. State,* 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (discussing prosecutorial misconduct); *Lisle v. State,* 113 Nev. 540, 553-54, 937 P.2d 473, 481 (1997) (discussing improper vouching and burden shifting), that the errors are plain or clear from the record, and that the errors affected his substantial rights, *Green,* 119 Nev. at 545, 80 P.3d at 95. In addition to making the statements which Lopez alleges violated his rights, the State specifically told the jury during closing arguments that "it's your job to determine [the victim's] credibility," and on rebuttal that, "we're going to let you decide how credible do you think that person is," and if the jury had any reasonable doubt about whether the victim lied, that "reasonable doubt entitles the

Defendant to a not guilty verdict." Having reviewed the closing arguments in their entirety, we conclude that if there is any error, it is not plain or clear from the record, and Lopez has not demonstrated that it affected his substantial rights. Therefore, we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valerie Adair, District Judge
Carmine J. Colucci & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
of
Nevada

(0) 1947A

3